## Cannon v. Hohmann

*Gordon C. Post, Jr.*, for plaintiffs.
*Charles W. Garbett*, for defendant.

HENDERSON, *P.J.*, May 16, 1979—The preliminary objections filed in this action raise the interesting question of whether the husband of a victim of a motor vehicle accident can recover for his wife's medical expenses and loss of consortium now that the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., is the law of the Commonwealth.

The complaint is divided into two counts, the first stating the wife's own cause of action, and the second count, brought by the husband, seeking recovery for the medical expenses he has been and will be required to pay for his wife and for loss of consortium. The preliminary objections, both in the nature of a demurrer and a motion to strike, attack only plaintiffs' second count. In his brief defendant admits that both his preliminary objections address the same issue, namely, whether actions for economic loss and loss of consortium arising out of a motor vehicle accident are barred by section 301 of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.301.

This section partially abolishes tort liability for injuries arising out of the maintenance or use of a motor vehicle. The areas of liability remaining are set forth as exceptions in that section.

In the terminology of the act, charges incurred for reasonably needed and used products, services and accommodations for professional medical treatment and care, emergency health services and medical and vocational rehabilitative services are called "allowable expense." 40 P.S. §1009.103. Under the act, items of "allowable expense" are among the basic loss benefits to which a victim of a motor vehicle accident in this Commonwealth is normally entitled under the act: 40 P.S. §1009.202.

Owners of all motor vehicles which are registered or operated in the Commonwealth are required to provide their own security for the payment of basic loss benefits: 40 P.S. §1009.104(a). If the motor vehicle in which a person is injured is not covered for basic loss benefits, the victim, unless he is a converter of the vehicle or intentionally injured himself, may obtain the basic benefits under the assigned claims plan established by the act: 40 P.S. §1009.108(a).

It is apparent from the framework of the act that the legislature intended that a victim of a motor vehicle accident should obtain recovery for medical expenses from the insurer of the vehicle in which he was riding or under the assigned claims plan rather than rely upon the coverage of the other vehicle.

Section 202 of the act places maximum limits upon basic loss benefits for work loss, replacement services loss, and survivors loss, but no limitation is placed upon the recovery for allowable expenses: 40 P.S. §1009.202.

In the section of the act partially abolishing tort immunity, an exception is made for losses not compensated because of the limitations made in accordance with section 202(a), (b), (c), or (d), 40 P.S. §1009.301(a)(4), so that a victim can bring a tort action if, for example, his work loss or replacement loss exceeds the maximum recovery set forth for such losses in section 202. However, since section 202(a) establishes no limitation upon "allowable expenses," the exception of section 301(a)(4) cannot be utilized to bring a tort action for medical or other "allowable expenses."

Section 301(a) lists five other exceptions to the abolition of tort liability, but none of them is appli-

cable to medical expenses under the facts alleged in the complaint. Plaintiffs should have been compensated for their medical expenses by their own insurer, or if they were uninsured, by the assigned claims plan. We must sustain defendant's preliminary objection to paragraph 12a of the complaint. Accord, Winchester v. Philadelphia, 5 D. & C. 3d 422 (C.P. Phila. Co. 1978); Contra, O'Sullivan v. Ruszecki, 2 D. & C. 3d 276 (C.P. Alleg. Co. 1977).

Defendant's other objections concern the plaintiff-husband's claim for loss of consortium. Defendant argues that this claim also does not fall within any of the exceptions to the abolition of tort immunity enumerated in section 301(a) of the act. This exact issue was raised and decided contrary to defendant's position by the Court of Common Pleas of Bucks County in Tchimayan v. Toscano, 4 D. & C. 3d 534 (1977). Judge Walsh concluded that loss of consortium would be included within the definition of "noneconomic detriment" for which a tort action is permitted by section 301(a)(5) provided one of the several "thresholds" listed in the subsection is met. Defendant does not challenge plaintiff's complaint on the "threshold" issue, but rather argues that loss of consortium is not "noneconomic detriment." The act states: " 'Noneconomic detriment' means pain, suffering, inconvenience, physical impairment, and other nonpecuniary damage recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle. The term does not include punitive or exemplary damages." 40 P.S. §1009.103.

We agree with Judge Walsh that this definition encompasses loss of consortium within "other nonpecuniary damage." Consortium includes such

nonpecuniary elements as companionship, affection and other benefits of conjugal fellowship, as well as the services of the spouse. Certainly the damage suffered in a loss of consortium is not totally pecuniary in kind. Applying the rules of statutory construction, we conclude, as did Judge Walsh, that the legislature did not intend to bar an action for recovery for loss of consortium provided that the "threshold" requirements of section 301(a)(5) are met. Defendant's preliminary objection relating to 12b of plaintiffs' complaint is hereby denied.

## ORDER

Now, May 16, 1979, in accordance with the opinion filed herewith it is hereby ordered, adjudged and decreed that defendant's preliminary objection in the nature of a demurrer to paragraph 12a of plaintiffs' complaint is hereby sustained, and further that defendant's preliminary objection to paragraph 12b of plaintiffs' complaint is hereby denied.